UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America, Inc.,

    Plaintiff,

v.                                                          Case No. 2:17-cr-20758-VAR-DRG
                                                                Honorable Victoria A. Roberts

James Deshawn Williams,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

**I. Introduction**

Williams contends the Government was required to obtain a search warrant supported by probable cause to acquire his cell-site location information (CSLI), and could not rely on the Stored Communications Act (SCA). 18 U.S.C. § 2703(d). The SCA allowed the Government to obtain CSLI if it could demonstrate "specific and articulable facts" to show reasonable grounds for Government seizure.

    Williams relies wholly on *Carpenter v. United States*. 138 S.Ct. 2206 (2018). In *Carpenter*, the Supreme Court recently announced that accessing more than six days of CSLI constitutes a search and is protected by the Fourth Amendment.

    *Carpenter* creates new law that, going forward, will require investigators to have probable cause to obtain CSLI. However, because the Government had objective good faith belief that its conduct under the SCA was lawful, the CSLI is not subject to the *Carpenter* pronouncement.

    Defendant's Motion is denied.

**II. Factual and Procedural Background**

Williams faces two counts of Felon in Possession of a Firearm (18 U.S.C § 922(g)(1)) and one count of Discharge of a Firearm in furtherance of a Drug Trafficking Offense (18 U.S.C. §§

1

924(c)). The Government plans to use the evidence at trial to demonstrate that Williams was in the vicinity of two shootings.

The first occurred on October 12, 2014 at the Whitehouse Nightclub. The Government alleges that Williams entered the nightclub with a gun and fired at Lamont Calhoun, a patron, hitting him in the head. Calhoun survived. The Government alleges that again, on July 12, 2015, Williams pursued Calhoun on the Lodge Freeway brandishing a firearm and, when close enough to Calhoun's motorcycle, discharged the weapon and hit Calhoun in the back. In its efforts to tie Williams to the shootings, the Government obtained 127 days of Williams' CSLI to verify his proximate location.

To acquire the CSLI, investigators relied on the procedure allowed under the SCA. There is no dispute that the Government legally acquired Williams' CSLI under the SCA standard.

In June 2018, the United States Supreme Court announced *Carpenter*. The Court noted CSLI grants the government a remarkably easy method to track a person's movement and through this their "'familial, political, professional, religious, and sexual associations.'" *Id. (quoting United States v. Jones*, 565 U.S. 400, 415 (2012). The Court found such scrutiny violated an individual's right to "have a reasonable expectation of privacy in the whole of their physical movements." *Carpenter*, 2217. Accordingly, the Court announced a new rule that the Government obtaining CSLI constituted a search and can only be legally obtained with a search warrant. 138 S.Ct. at 2217. Going forward, law enforcement can no longer rely on the SCA standard to obtain CSLI; it will need to demonstrate probable cause.

The Government plans to submit the CSLI as evidence at trial. Williams responds with his Motion to Suppress.

**III. Discussion**

Williams contends that the rule announced in *Carpenter* entitles his CSLI to retroactive protection in accordance with *Griffith v. Kentucky*, 479 U.S. 314 (1987). In *Griffith*, the Supreme

Court found that new rules announced by the Supreme Court apply retroactively to all cases on direct review or not yet final. 479 U.S. at 328. Williams argues that if the Court applies *Carpenter* as it should – in accordance with *Griffith* – it must find the Government committed a Fourth Amendment violation by obtaining the CSLI without a warrant. Williams continues that, because of the Fourth Amendment violation, the Court must apply the exclusionary rule to the CSLI.

There is no dispute that the rule in *Carpenter* is retroactive and the Government's actions violated the 4th Amendment under the new rule in *Carpenter*. However, a Fourth Amendment violation "'does not necessarily mean that the exclusionary rule applies.'" *Herring v. United States*, 555 U.S. 135, 140 (2009).

### *Good Faith*:

The Government contends that the Court should not apply the exclusionary rule because investigators possessed a good faith belief that their actions conformed to the law at the time law enforcement obtained Williams' CSLI.

The Fourth Amendment protects individuals against unjust Government invasions of a person's reasonable sphere of privacy. *Davis v. United States*, 564 U.S. 229, 229-30 (2011). However, the Fourth Amendment is silent regarding the consequence of law enforcement seeking to use illegally obtained evidence at trial. *Id.* The creation of the exclusionary rule logically followed to enforce the Fourth Amendment. The exclusionary rule's "sole purpose … is to deter future Fourth Amendment violations," not to punish or make amends for mistakes. *Davis*, 564 U.S. at 236-37; *Elkins v. United States*, 364 U.S. 206, 217 (1960) ("calculated to prevent, not to repair").

One exception to the exclusionary rule is the good faith exception invoked by the Government. The Supreme Court recognized there is no deterrent effect when investigators act with an objectively "reasonable good faith belief" that the conduct was lawful. *United States v. Leon*, 468 U.S. 897, 909 (1984) ("Where the official action was pursued in complete good faith

… the deterrence rationale loses much of its force"). The good faith exception covers "searches conducted in reasonable reliance on subsequently invalidated statutes," *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987), and binding judicial precedent. *Davis*, 564 U.S. at 239.

Williams contends the good faith exception should not apply because the Government did not act in good faith when it obtained the CSLI. Williams argues that the Government knew the Supreme Court would rule on *Carpenter* within the year and knew it should not rely on the SCA for its authority to obtain CSLI. Williams contends that because the Government knew the Court may overturn § 2703(d), it should have ensured the validity of its CSLI search by applying for a warrant. Williams continues, arguing the failure to obtain a warrant in such a situation is evidence of the Government's lack of good faith. The exclusionary rule, Williams concludes, must apply because the Government must "face the consequences" for obtaining the CSLI without a search warrant.

But this is not the proper focus. When courts examine constitutional claims such as Fourth Amendment violations, they must decide if the law was clearly established at the time. *See United States v. Pembrook*, 876 F.3d 812, 823 (2017) (finding that no Supreme Court authority, Sixth Circuit precedent, or out-of-circuit precedent clearly established CSLI to be a Fourth Amendment violation and therefore the Government had no duty to obtain a search warrant). As in *Pembrook*, when investigators obtained Williams' CSLI no clearly established law or judicial precedent required a search warrant to acquire CSLI. Only now - a year after investigators obtained Williams' CSLI - are the courts mandated to require a search warrant. This law only became clearly established after law enforcement obtained Williams' CSLI. The Court finds the Government acted properly when it adhered to the clearly established law set forth in the SCA and followed in the Sixth Circuit.

Williams also contends that the Government must "face the consequences" of its mistakes. However, the purpose of the exclusionary rule is not to punish, as Williams argues,

but to deter. Williams provides no evidence that the application of the exclusionary rule would have any deterrent effect.

Williams also argues that the retroactive application of *Carpenter* under *Griffith* and the application of the good faith doctrine are mutually exclusive legal doctrines. *Carpenter*, while recognizing that obtaining CSLI without a warrant is a Fourth Amendment violation, does not discuss how lower courts should retroactively apply the exclusionary rule. Instead, discretion is left to the lower courts to work through an exclusionary rule analysis. This is evident in *United States v. Chavez*, 894 F.3d 593 (4th Cir. 2018). In *Chavez* the Court recognized that *Griffith* gave *Carpenter* retroactive application and, consequently, found the Government committed a Fourth Amendment violation when it obtained the CSLI without a warrant. *Id.* at 608. However, the *Chavez* Court correctly continued through an exclusionary rule analysis, finding that the exclusionary rule would not apply because of the good faith exception. *Id. Chavez* recognized that a Fourth Amendment violation occurred – as *Griffith* demands – but did not find that the exclusionary rule automatically applied as Williams contends. The Court finds the Fourth Circuit reasoning compelling and dismisses Williams' argument.

The Government argues that law enforcement relied in good faith on the existing legal authority of § 2703(d) to obtain the CSLI. *Carpenter* invalidated § 2703(d) almost a year later. The Government contends reliance on a then current statute to obtain evidence falls into the "good faith" exception announced in *Krull*. To reinforce its argument, the Government cites numerous cases from multiple circuits where courts found CSLI obtained by § 2703(d) falls into the good faith exception. *Pembrook*, 876 F.3d at 823; *United States v. Simmons*, 2:16cr130, 2017 WL 6388956 (E.D. Va., December 14, 2017); *United States v. Brown*, 2:17-cr-00047, 2017 WL 3428300 *(C.D. Cal., August 7, 2017); United States v. Gray*, No. CR-15-08076, 2017 WL 3675383, *6 (D. Arizona, August 25, 2017); *Chavez*, 894 F.3d at 608.

The Court agrees with the Government: the Government acted with good faith and, consequently, no deterrent effect would arise out of the Court's use of the exclusionary rule.

5

*Krull* notes that the use of the exclusionary rule when investigators rely on a statute later overturned would have no deterrent effect on police. The Court stated, "penalizing the officer for the [legislature's] error… cannot logically contribute to … deterrence." *Krull*, 480 U.S. at 1167. Without any deterrent effect, the Court will not apply the exclusionary rule.

**IV. Conclusion**

*Carpenter* does not govern the outcome in this case where the Government relied – in good faith – on then existing law to obtain Williams' CSLI. The Government's reliance on § 2703(d) is exactly the situation *Krull* protects against. The exclusionary rule does not apply.

Williams' Motion to Suppress is denied.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 8/2/18