UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE UNITED STATES OF AMERICA,

        Plaintiff,                  Case #: 17-cr-20758

v.                                    HON. VICTORIA A. ROBERTS
                                         United States District Judge

JAMES DESHAWN WILLIAMS,

        Defendant.

## United States' Motion to Dismiss
## Defendant's Motion for Compassionate Release

        On February 5, 2019, James Williams pleaded guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) (count one), and Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (count two). (R. 38: Plea Agreement, 160-178). In June of 2019, this Court sentenced Williams to a combined term of 180 months' imprisonment. (R. 43: Judgment, 214).

        On September 9, 2020, Williams filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (R. 46: Motion for Compassionate Release, 226-231). However, because Williams has not exhausted his request for compassionate release, this Court must dismiss his motion.

US v. Williams, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 1

Williams is 47 years old and is currently incarcerated at FCI Elkton. He has a projected release date of August 26, 2030, having served approximately 5 years of his 15 year sentence (taking good time into account).

**Argument**

Williams' motion for a reduced sentence must be dismissed. A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, a district court's authority to modify a defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Those statutory exceptions are narrow. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Compassionate release under 18 U.S.C. § 3582(c)(1)(A) is equally narrow.

More importantly, Williams has not satisfied the exhaustion requirement for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court must therefore dismiss his motion. Until recently, only the Bureau of Prisons could move for compassionate release. The First Step Act of 2018 amended the statute, permitting defendants to move for it too. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018).

*US v. Williams*, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 2

But the provision permitting a defendant-initiated motion includes an exhaustion requirement. *Id.* A district court may not grant a defendant's motion for compassionate release unless the defendant files it "after" the earlier of (1) the defendant "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). As the Sixth Circuit held in *Alam*, this statutory exhaustion requirement is "a mandatory condition" that "must be enforced" when the government raises it. *Id.* at 832–36; *accord United States v. Raia*, 954 F.3d 594, 595–97 (3d Cir. 2020). Dismissal without prejudice is the appropriate remedy for prematurely filed compassionate release motions. *Alam* at 836.

Williams does not claim that he requested compassionate release from the Bureau of Prisons (BOP) or otherwise exhausted his administrative remedies, and prison personnel at FCI Elkton have advised that Williams has not requested a reduction in sentence with them. Accordingly, the Court should dismiss Williams' motion without prejudice and allow him to refile if he exhausts his administrative remedies.

Parenthetically, the government notes that Williams relies solely on the existence of the COVID-19 pandemic in support of his motion for compassionate

*US v. Williams*, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 3

release, asserting no underlying medical condition that would make him more susceptible to serious complications or death if he were to contract the virus. But the COVID-19 pandemic does not, by itself, qualify as the type of inmate-specific condition permitting compassionate release. *See United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) ("the COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population."); *Raia*, 954 at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Williams claims no particularized susceptibility to the virus, such as any of the conditions identified by the Centers for Disease Control and Prevention (CDC). Indeed, Williams is a healthy 47 year old man with no critical underlying medical conditions (PSR ¶¶ 62-68), let alone a condition that makes him more susceptible to serious illness from COVID-19.

*US v. Williams*, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 4

## Conclusion

This Court must dismiss Williams' motion without prejudice.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/ A. Tare Wigod*
A. Tare Wigod
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
tare.wigod@usdoj.gov
(313) 226-9191
P58479

Dated: September 15, 2020

*US v. Williams*, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, the foregoing document was electronically filed, by an employee of the United States Attorney's Office, with the Clerk of the Court using the ECF system, and I hereby certify that an employee of the United States Attorney's Office mailed by United States Postal Service the document to the following non-ECF participant:

James Williams
Reg. # 56133-039
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

<u>s/ A. Tare Wigod</u>
A. Tare Wigod
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
tare.wigod@usdoj.gov
(313) 226-9191
P58479

*US v. Williams*, 17-cr-20758
United States' Motion to Dismiss
Defendant's Motion for Compassionate Release
Pg. 6