UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                        Case No. 17-20758
                                             Honorable Victoria A. Roberts
JAMES DESHAWN WILLIAMS,

    Defendant.
_____/

## ORDER DISMISSING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE [ECF No. 46]

**I.    INTRODUCTION**

This matter is before the Court on James Deshawn Williams' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asks the Court to grant him a compassionate release due to his risk of contracting COVID-19 and conditions at the FCI Elkton Facility. Of note, Williams has already tested positive for, and recovered from, COVID-19.

Because Williams failed to properly exhaust the administrative process with the Bureau of Prisons ("BOP"), the Court **DISMISSES** his motion without prejudice. [ECF No. 46].

**II.    BACKGROUND**

In February 2019, Williams pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Court sentenced Williams to a combined term of 180 months in prison and three years of supervised release. Williams has served five years of his fifteen year sentence taking good time into account. His projected release date is May 10, 2025.

Williams is 47 years old and does not report any underlying medical conditions. He is serving his sentence at FCI Elkton in Ohio.

Williams filed a *pro se* motion for compassionate release. The Court subsequently appointed Williams counsel. The government opposes Williams' release.

### III. DISCUSSION

The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable.

*See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

### A.   Williams Did Not Exhaust Administrative Remedies

The Sixth Circuit recently held that exhaustion of administrative remedies is a "mandatory condition" before a defendant can file a motion for compassionate release.  *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk."  *Id.* at 835-36. Before a prisoner moves for compassionate relief, he must either (1) fully exhaust all administrative rights to appeal a failure of the BOP to bring a motion on his behalf or (2) wait thirty days after the receipt of such a request by the warden of his facility. *Id.* at 832.

Williams is rightfully concerned about his health and the conditions at FCI Elkton. The conditions at FCI Elkton are notorious. *United States v. Bandrow,* 2020 WL 4050242 at *1 (E.D. Mich. Jul. 20, 2020) ("Elkton has been and continues to be ravaged by the COVID-19 pandemic"); *United States v. Brant,* 2020 WL 2850034 at *2 (E.D. Mich. June 2, 2020) ("The

situation at FCI Elkton appears dire"); *United States v. Rodriguez,* 2020 WL 1627331 at *9 (E.D. Penn. Apr. 1, 2020) ("[t]he situation at FCI Elkton in particular is alarming").

However, FCI Elkton has made progress in combatting the spread of COVID-19 according to Andrea Burnside, the executive assistant/acting associate warden at Elkton. *See* declaration filed in *Wilson v. Williams* detailing the methods Elkton staff uses to combat COVID-19. [ECF No. 48-2] (filed in *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020). *See United States v. Bryant*, 2020 WL 3605282 at *4 (E.D. Mich. July 2, 2020). For example, prisoners who test positive are isolated for at least fourteen days, and asymptomatic persons who have been exposed to the virus are quarantined for fourteen days. *Id.* at *9. The measures at Elkton appear to be successful. According to the BOP website, as of September 23, 2020, there is currently one active prisoner case and two active staff cases at FCI Elkton. *See COVID-19*, Bureau of Prisons, https://perma.cc/6WSH-KW52.

Supervising Probation Officer Charmarie Green – based on her research – reports that Williams tested positive for COVID-19 on June 19, 2020 and was listed as "recovered" on July 24, 2020.

However, Ms. Green's research does not indicate that Williams requested compassionate release. In his *pro se* motion, Williams makes no

4

references to a request to the BOP for compassionate release. The Court cannot analyze whether Williams presents "extraordinary and compelling reasons" for compassionate release until he properly exhausts administrative remedies with the BOP.

Williams does not satisfy the exhaustion requirement.

## IV. CONCLUSION

The Court **DISMISSES** Williams' motion for compassionate release without prejudice [ECF No. 46].

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated:  September 25, 2020